UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DEAN WEGRZYN,　　　　　　　No. 14-12779

　　　　Plaintiff,　　　　　　　　　　District Judge Sean F. Cox

v.　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a Social Security Disability appeal. On May 20, 2015, pursuant to the parties' stipulation, the Court entered judgment in favor of the Plaintiff, remanding the case to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g). Before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #15], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The motion is unopposed.

I recommend that the motion for attorney fees be GRANTED, and that Plaintiff be awarded $4,055.89 in attorney fees, plus the $400.00 filing fee, for a total of $4,455.89.

**I.　BACKGROUND**

Plaintiff, through counsel, filed his complaint on July 16, 2014, and filed a motion for summary judgment on November 10, 2014. The Commissioner did not file a cross-motion for summary judgment; rather, she stipulated to a remand for further proceedings, pursuant to 42 U.S.C. § 405(g). The Court entered judgment in favor of the Plaintiff on May 20, 2015. Petitioner timely filed his motion for attorney fees.

## II.  STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

The question of whether the position of the United States was "substantially justified" is answered with respect to not only the civil action, but the administrative decision upon which the civil action is based:

> "(D) 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based...." 28 U.S.C. § 2412(d)(2)(D).

## III.  DISCUSSION

### A.  Entitlement to EAJA Fees

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Mr. Wegrzyn who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). In addition, I find that the Commissioner's decision to deny benefits at the administrative level was not substantially justified, based on (1) a review of Plaintiff's motion for summary judgment; (2) the stipulated order of remand, which implied errors under the treating physician rule (20 C.F.R. § 404.1527 and SSR 96-5p and 96-6p), the credibility determination (20 C.F.R. § 404.1529 and SSR 96-7p), and the assessment of Plaintiff's residual functional capacity (20 C.F.R. § 404.1545 and SSR 96-8p and 96-6p); (3) the Commissioner's stipulation to a

remand and her lack of opposition to this motion. Plaintiff is entitled to EAJA fees.

## B.   Amount of Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiff's counsel argues that he is entitled an increase in hourly rate from the statutory rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009) the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

Plaintiff has submitted the "affirmation" of his attorney, Eddy Pierre Pierre. Mr. Pierre cites his and co-counsel's educational background and experience, statistics from the Consumer Price Index, and the increase in his firm's operating expenses since the EAJA was enacted in 1996. In his motion, Plaintiff cites other cases from this District

suggesting that attorneys in this community with comparable skill and experience merit an increase in hourly rate to 186.05 per hour. Together, this information supports Plaintiff's requested hourly rate. *See Pizzo v. Commissioner of Social Sec.* 2014 WL 7157129, *5 (E.D.Mich. December 15, 2014)(affidavit, CPI, and Economics of Law Survey, considered in tandem, support request for $187.02 per hour); *see also Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011)("Given the effect of inflation since 1996 . . . $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010").

I have also reviewed counsel's time sheets, and find that the 21.8 hours of attorney time is reasonable, and well within the norm for Social Security appeals. In *Glass*, the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20.

### C. Fees are Payable to Counsel

As is typical in Social Security appeals, Plaintiff has executed an assignment of EAJA fees to his attorney. While EAJA fees would otherwise be paid to the Plaintiff, *see Astrue v. Ratliff,* 560 U.S. 586 (2010), the assignment permits payment directly to the attorney, with an offset for any preexisting federal debt owed by the Plaintiff. *See Cowart, supra.*, 795 Fed.Supp.2d at 671-72.

### D. Plaintiff is Entitled to the Filing Fee

Under EAJA, recovery of the filing fee is appropriate. See 28 U.S.C. § 2412(a)(1). As such, Plaintiff should be awarded a filing fee in the amount of $400.00.

### IV. CONCLUSION

I therefore recommend that Plaintiff's motion for attorney fees [Doc. #15] be

GRANTED, and that Plaintiff be awarded $4,055.89 in attorney fees, plus the $400.00 filing fee, for a total of $4,455.89.

I further recommend that no later than 14 days from the date of a final order granting this motion, the Commissioner will determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Date: January 5, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 5, 2016, electronically and/or by U.S. mail.

                                        s/C. Ciesla
                                        Case Manager